## Mary Ann Garneau, Adm'x, v. Illinois Central R. R. Co.

1. RAILROADS—*Passenger Injured by Accident.*—Where a passenger is injured through an accident, not the fault of the carrier, there can be no recovery.
2. SAME—*Not Their Duty to Maintain Platform Along Entire Right of Way.*—It is not the duty of a railroad company, for a failure to perform which negligence can be imputed, to construct and maintain along its entire right of way adjacent to the rails of its track a platform so contrived that a person accidentally falling from its train can suffer no injury by being struck or run over by the train.

Trespass on the Case.—Death from negligent act. Appeal from the Circuit Court of Douglas County; the Hon. SOLON PHILBRICK, Judge presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed August 28, 1903.

ROY F. HALL, J. M. NEWMAN and JOHN H. CHADWICK, attorneys for appellant.

ECKHART & MOORE, attorneys for appellee; JOHN G. DRENNAN, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellant brought this action to recover damages for the death of her son, Oliver P. Garneau, alleged to have been caused by the willful and negligent acts of the defendant and of its servants.

There are twelve counts in the declaration. The first five counts charge a willful assault upon the deceased by the porter employed by the defendant, causing the deceased to fall from the train; the sixth count charges that the porter negligently stepped in front of the deceased, while he was on the steps of the train, whereby he lost his footing and fell from the car; the seventh count charges the porter with the doing of the same act willfully and recklessly; the eighth count charges the porter with having negligently obstructed the safe passage of deceased while he was boarding the train; the ninth count charges the porter with the doing of the same act willfully; the tenth count

charges that the defendant negligently failed to stop its
train a sufficient length of time to enable deceased to safely
board it and the servant of defendant with having negli-
gently obstructed his safely getting on the train by plac-
ing himself in front of the deceased; the eleventh count
avers that it was the duty of defendant to·construct and
maintain its platform at Tuscola in such safe manner as
not to cause injury to its passengers in case any of them
should by accident lose their footing after getting on the
steps of the cars, and fall off of the steps while the train was
in motion, and charges that the defendant negligently
failed to perform that duty; the twelfth count avers the
same duty with respect to the platform and charges that
the construction of the platform was so negligent as to
amount to wantonness and recklessness. The cause of
action as averred in the first five counts of the declara-
tion, is expressly abandoned.

At the close of plaintiff's evidence, the court, on motion
of defendant, instructed the jury to find the defendant not
guilty, and after motion for new trial, which was overruled,
rendered judgment against plaintiff for costs.

The question to be determined on this appeal, is, whether
there is any evidence in the record, tending to establish the
facts necessary to sustain a verdict against defendant for
causing the death of plaintiff's intestate, as charged in the
declaration.

On the first day of February, 1903, Oliver P. Garneau, a
young man twenty-four years of age, purchased a rail-
road ticket at Tuscola, for passage on one of defendant's
trains to Arcola. The train arrived at Tuscola about ten
o'clock P. M., stopping at the station platform, a little
south of its usual stopping place. When the train stopped,
the deceased, with an overcoat over his shoulder, got upon
the steps of the car platform at the front end of the car, the
means provided for entrance into defendant's cars; that
immediately after having safely boarded the train, the
overcoat carried by deceased fell from his shoulder to the
ground; that the train was then in motion and deceased

stepped off the train to recover his overcoat; that as he did so, the night operator of defendant picked up the overcoat and handed it to the deceased; that deceased then, when the train was in motion at an accelerated speed, attempted to board the train by the steps to the platform at the rear end of the same car; that having mounted the first or second step, he was seen to fall to the platform and roll under the train, by which he was killed. Three witnesses testified that the colored porter on defendant's train boarded the same car with deceased, either immediately before or following deceased, and two witnesses testify that as he did so, they saw his arm "go out" or "thrown out" and saw deceased fall. The theory of plaintiff is that deceased was knocked or pushed off the train by the porter, or that he so obstructed deceased's efforts to board the train as to cause deceased to fall off. So far as appears from the evidence the "going out" or "throwing out" of the porter's arm was the usual motion of a person's arm when taking hold of the guard rail, to board a train, and one witness so characterizes it. There is no evidence that the porter's arm was extended toward deceased or came in contact with deceased, or that he in any other way interfered with deceased. The proof in the case does not merely leave the cause of deceased's falling from the train in doubt, but it fails to adduce anything to which it could be attributed. It was manifestly and clearly an accident, and there can be no recovery under any one of the first ten counts of the declaration. There remains to be considered whether plaintiff introduced or offered any evidence tending to prove such facts as are necessary to a recovery predicated on the eleventh and twelfth counts of the declaration.

Defendant operates a double main track on its line of railroad running through Tuscola, the west track being the south-bound, and the east track being the north-bound track. The defendant's depot is on the east side of the east track. Between the two tracks and on eithe rside there are planks laid for a walk and between the planks

there is crushed stone.   About twenty-four inches from the east rail of the west track a timber is laid parallel with the track and extending about six inches above the level of the ground or top of the ties.   This space between the timber and the rail is designated in plaintiff's declaration "the hole or depression" into which deceased fell.   The foregoing description of the platform and tracks makes it clear that there was nothing in the construction of the platform justifying a charge of negligence.   It was in this case, sufficient to enable deceased to board the train in safety, to alight in safety and to board it again.   The ordinary purposes of a platform at a station, were subserved.

It is not the duty of a railroad company, for a failure to perform which negligence can be imputed, to construct and maintain along its entire right of way adjacent to the rails on its tracks, a platform so contrived that a person accidentally falling from its train can suffer no injury by being struck or run over by it.

The court did not err in instructing the jury to find the defendant not guilty and the judgment will be affirmed.